**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

PATRICIA VALDEZ,

        Plaintiff,

v.

STELLAR RECOVERY, INC., a Florida corporation,

        Defendant.

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.    Venue is proper in this Judicial District.

4.    The acts and transactions alleged herein occurred in this Judicial District.

5.    The Plaintiff resides in this Judicial District.

6.    The Defendant transacts business in this Judicial District.

### PARTIES

7.    Plaintiff Patricia Valdez is a natural person.

8.     The Plaintiff resides in the City of Colorado Springs, County of El Paso, State of Colorado.

9.     The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.    The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.    Defendant Asset Acceptance, LLC is a Delaware limited liability company operating from an address at 1327 Highway 2 West, Suite 100, Kalispell, Montana, 59901.

12.    The Defendant's registered agent in the state of Colorado is Business Filings Incorporated, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13.    The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.    The Defendant is licensed as a collection agency by the state of Colorado.

15.    The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.    The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.    The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18.     The Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to Household Finance (hereinafter the "Account").

19.     The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.     The Account went into default with Household Finance.

21.     After the Account went into default the Account the Defendant received the Account for collection.

22.     The Defendant is in the business of purchasing delinquent consumer accounts, typically paying no more than five cents on the dollar.

23.     The Defendant then collects the accounts or hires other entities to collect the accounts.

24.     The Defendant claims to have purchased the Account after it went into default with Household Finance.

25.     On information and belief the Defendant paid less than five cents on the dollar for the Account.

26.     The Account was placed or otherwise transferred to the Defendant for collection.

27.     The Plaintiff disputes the Account.

28.   The Plaintiff requests that the Defendant cease all further communication on the Account.

29.   The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

30.   The Defendant acted at all times mentioned herein through its employee(s).

31.   This Complaint and Jury Demand only seeks relief for activity that occurred after March 12, 2012.

32.   The Plaintiff disputed the Account with the Defendant in March 2012.

33.   The Defendant was aware that the Account was disputed prior to April 2012.

34.   On March 9, 2012 the Plaintiff represented by undersigned counsel, filed a Complaint and Jury Demand in this Court regarding the Defendant's collection efforts on the Account. Patricia Valdez v. Stellar Recovery, Inc., Civil Action No. 12-cv-00615-RBJ-KLM, USDC Colorado.

35.   A copy of the Court filed Complaint and Jury Demand in Civil Action No. 12-cv-00615-RBJ-KLM is attached as **Exhibit 1**.

36.   Paragraph 18 of Exhibit 1 identifies the Account as a Household Finance account.

37.   Paragraph 22 of Exhibit 1 states: "After the Account went into default the Defendant claims to have purchased the Account."

38.   Paragraph 23 of Exhibit 1 states: "The Plaintiff disputes the Account."

39.    The Complaint and Jury Demand in Civil Action No. 12-cv-00615-RBJ-KLM (Exhibit 1) was served upon the Defendant's registered agent in the State of Colorado on March 12, 2012. (Court Docket Entry # 5). The Court filed Return of Service / Summons Returned Executed is attached as **Exhibit 2**.

40.    The Defendant is represented by Stephanie D. Loughner, Esq. of Franke Greenhouse, LLP, 511 16th Street, Suite 610, Denver, Colorado, 80202 in Civil Action No. 12-cv-00615-RBJ-KLM.

41.    On April 26, 2012 the Defendant filed an Answer in Civil Action No. 12-cv-00615-RBJ-KLM. (Court Docket Entry # 9). The Court filed Answer is attached as **Exhibit 3**.

42.    Numbered paragraph 22 of the Defendant's Answer in Civil Action No. 12-cv-00615-RBJ-KLM (attached as Exhibit 3) states: "Stellar admits the allegations in paragraph 22 of Plaintiff's Complaint."

43.    Numbered paragraph 23 of the Defendant's Answer in Civil Action No. 12-cv-00615-RBJ-KLM (attached as Exhibit 3) states: "Paragraph 23 of Plaintiff's Complaint does not make any allegations to which a response is required. To the extent that Paragraph 23 suggests that Stellar violated the FDCPA, Stellar denies that allegation."

44.    On July 9, 2012 Judgment was entered in favor of the Plaintiff and against the Defendant pursuant to Fed.R.Civ.P. 68 in Civil Action No. 12-cv-00615-RBJ-KLM.

45.     Prior to August 2012 the Plaintiff disputed the Account with the Defendant.

46.     Prior to August 2012 the Defendant was aware that the Account was

        disputed.

47.     Prior to August 2012 the Defendant was informed that the Account was

        disputed.

48.     In August 2012 the Defendant was aware that on March 12, 2012 the

        Plaintiff disputed the Account.

49.     In August 2012 the Defendant communicated information regarding the

        Account to Experian, a credit reporting agency.

50.     In August 2012 the Defendant communicated to Experian that the balance

        on the Account was: $14,066.

51.     On or before August 2012 the Defendant communicated to Experian that

        the Original Creditor on the Account was: HOUSEHOLD FINANCE.

52.     The information communicated to Experian by the Defendant in August

        2012 on the Account conveyed information regarding the Account directly

        or indirectly to Experian.

53.     The information communicated to Experian by the Defendant in August

        2012 on the Account constituted a "communication" as defined by FDCPA

        § 1692a(2).

54.     In August 2012 the Defendant failed to communicate to Experian that the

        Account was disputed.

55.   In August 2012 the Defendant did not communicate to Experian that the Account was disputed.

56.   See attached **Exhibit 4**, which is 2 redacted pages of the Plaintiff's Experian Credit Report dated August 6, 2012 including page 1 identifying it as the Plaintiff's Experian credit report and page 9 which contains the Defendant's entry on the credit report for the Account.

57.   The Defendant's purpose for communicating the information on the Account to Experian was to attempt to collect the Account.

58.   The only reason that the Defendant communicated the information regarding the Account in August 2012 to Experian was to attempt to collect the Account.

59.   Upon information and belief in 2012 the Defendant regularly reported information on account(s) that it was attempting to collect to Experian.

60.   Upon information and belief in 2012 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian.

61.   Upon information and belief in 2012 the Defendant reported information to Experian on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

62.   Upon information and belief in 2012 the Defendant regularly reported information on account(s) that it was attempting to collect to Equifax.

63.     Upon information and belief in 2012 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Equifax.

64.     Upon information and belief in 2012 the Defendant reported information to Equifax on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

65.     Upon information and belief in 2012 the Defendant regularly reported information on account(s) that it was attempting to collect to Transunion.

66.     Upon information and belief in 2012 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Transunion.

67.     Upon information and belief in 2012 the Defendant reported information to Transunion on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

68.     The telephone call(s) / conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the Account each conveyed information regarding the Account directly or indirectly to the Plaintiff.

69.     The telephone call(s) / conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the Account each constituted a "communication" as defined by FDCPA § 1692a(2).

70.     On information and belief the Defendant made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

71.     On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

72.     On information and belief the Defendant made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

73.     On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

74.     On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account.

75.     On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account in August 2012.

76.     On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account prior to August 2012.

77.     On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian on the Account after August 2012.

78.     The Defendant's action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

79.     The Defendant's action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

80.     Credit reporting constitutes an attempt to collect a debt.  See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

81.     "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

82.     "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate  "one violation of its provisions" to be entitled to a favorable

judgment." <u>Doshay v. Global Credit and Collection Corporation</u>, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

83.   "While we have yet to decide the issue, we agree with those courts holding the doctrine of claim preclusion does not necessarily bar plaintiffs from litigating claims based on conduct that occurred after the initial complaint was filed. *See Johnson v. Board of County Comm'rs of Johnson County, Kansas*, No. 99-2289-JWL, 1999 WL 1423072, at * 3-4 ( D.Kan. Dec. 9, 1999) ("Because a Plaintiff has no obligation to expand his or her suit in order to add a claim that he or she could not have asserted at the time the suit was commenced, several circuits have held that res judicata dos not bar a second lawsuit to the extent that suit is based on acts occurring after the first suit is filed." <u>Mitchell v. The City of Moore, Oklahoma</u>, 218 F.3d 1190, 1202-1203 (10th Cir. 2000).

84.   "Claim preclusion, however, "does not preclude litigation of events arising after the filing of the complaint that formed the basis of the first lawsuit… The plaintiff has no continuing obligation to file amendments to the complaint to stay abreast of subsequent events; plaintiff may simply bring a later suit on those later arising claims." <u>Goins v. JBC & Associates, P.C.</u>, 353 F.Supp.2d 262, 266 (D.Conn. 2005).

85.   "Because the facts underlying this suit arose subsequent to the filing of plaintiffs' previous complaint and are distinct from the facts underlying the previous suit, this action is not duplicative." <u>Goins v. JBC & Associates,</u>

P.C., 353 F.Supp.2d 262, 267 (D.Conn. 2005).

86.    As a consequence of the Defendant's action(s), the Plaintiff seeks damages pursuant to FDCPA § 1692k.

### COUNT I, FDCPA VIOLATION

87.    The previous paragraphs are incorporated into this Count as if set forth in full.

88.    The act(s) and omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

89.    Pursuant to FDCPA § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.      Judgment in favor of the Plaintiff and against the Defendant.

2.      Damages pursuant to 15 U.S.C. § 1692k(a).

3.      Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.      Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff